# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

VERNON LEE COX, JR.,

        Petitioner,       :      Case No. 3:15-cv-098

  - vs -                             District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

                                       :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 13) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 11). District Judge Rose has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 14). The Objections are considered in the order Cox presents them.

**Ground One: Insufficient Evidence**

In his First Ground for Relief, Cox asserts he was convicted on insufficient evidence. The Report notes that the standard for deciding such a claim is established by *Jackson v. Virginia*, 443 U.S. 307 (1979). Cox objects to its application in this case (Objections, ECF No. 13, PageID 1788-91).

      Under *Jackson*

1

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

443 U.S. at 319. The Report quotes at length the decision of the Second District Court of Appeals deciding this sufficiency of the evidence question, which was raised in Cox's First and Second Assignments of Error on direct appeal (Report, ECF No. 11, PageID 1737-43, *quoting State v. Cox*, 2013-Ohio-4941, ¶¶ 25-35, 41-47, 2013 Ohio App. LEXIS 5144 (2nd Dist. Nov. 8, 2013)).[1]

The Objections fault the Second District and the Report for finding that the victim's testimony alone is sufficient for conviction (Objections, ECF No. 13, PageID 1788-91). Cox argues "[t]his would change the Constitution as we know it, for only the alleged victim would have to take the stand and make his/her allegations." *Id.* at PageID 1789. Instead, he claims, that the law is "[w]here a defendant's guilt largely hinges on that of the testimony of the prosecution's witness violates the constitution." (Objections, ECF No. 13, PageID 1789, *citing Depetris v. Kuykendall*, 239 F.3d 1057 (9th Cir. 2001), and *Franklin v. Henry*, 122 F.3d 1270 (9th Cir. 1997)).[2]

*Depetris* is not a case involving sufficiency of victim testimony; the victim in that case was dead and could not testify at all. Rather, the decision was based on an unconstitutional exclusion of evidence. *Franklin* also turned on the exclusion of evidence in the state trial court. The Report cites numerous cases from the Sixth Circuit holding that the testimony of a victim alone is sufficient for conviction under *Jackson* (Report, ECF No. 11, PageID 1744-45).

---

[1] References hereinafter to *State v. Cox, supra*, are to this decision.
[2] Cox cites this case as having been decided in 1971 but 1997 is the correct date.

Cox alleges that the record establishes definitively that he did not engage in oral sex with the victim (Objections, ECF No. 13, PageID 1790, citing a report of Detective Mitchell referred to at Trial Tr. 640).[3] The referenced testimony is from a Detective Ring:

> Q. All right. Is [sic] Cassandra tell Detective Mitchell or did he report in his report that Cassandra advised that Vernon attempted to try to perform oral sex on her?
>
> A. Yes.

(See Trial Tr., ECF No. 7-3, PageID 1481). This Court does not understand how this is supposed to prove that the oral sex did not happen. C.F. testified at trial that Cox did in fact perform oral sex on her.

Cox argues that "[a]t least twelve jurors in a similar case have concluded, based on a report, that the defendant was not guilty of penetration." (Objections, ECF No. 13, PageID 1790, citing *Washington v. Hofbauer*, 228 F.3d 689 (6th Cir. 2000).) That completely misstates the *Washington* decision. Washington was accused of sexual misconduct on two occasions with the eleven-year-old daughter of his live-in girlfriend. Notes of an examining doctor who recorded the victim's statement that there was no penetration were admitted by stipulation and the jury acquitted Washington of the charge that required penetration. *Washington,* 228 F.3d at 697. The appellate decision does not recount what testimony the victim gave at trial. In any event the fact that one jury, weighing the credibility of the witnesses before it and the content of their testimony, came to one conclusion in no way creates a precedent such that any defendant who presents a report of a statement of no penetration[4] is entitled to acquittal. Juries in different cases

---

[3] The trial transcripts are filed at ECF No. 7. Additionally, the transcripts have been renumbered with PageID numbers to comply with this Court's Amended Standing Order. "2. All references to the record in this Court must be to the filed document by title, electronic filing docket number, and PageID reference. (E.g., Defendants' Motion to Dismiss, ECF No. 27, PageID _____.)"

[4] And, of course, that is not what Detective Mitchell's report says.

3

are completely independent finders of the fact for those cases only.

Cox relies on the testimony of other witnesses – Aaron Fouch, Rhonda Moore, and Megan Cox – who, he says, testified the sexual abuse never happened (Objections, ECF No. 13, PageID 1791).  The reference in the transcript given by Cox as to Aaron Fouch (Trial Tr., ECF No. 7-2, PageID 1269-70) is not that person's testimony, but is part of the testimony of the victim.  Rhonda Moore testified she was Vernon Cox's neighbor in Huber Heights, Ohio, for about five years.  She denied that there was ever an occasion (1) when she went to Cox's house and he was there alone with C.F., (2) when C.F. had an injury to her head, or (3) when there was some conversation with C.F. about cutting her hair (Trial Tr., ECF No. 7-3, PageID 1482-83). Megan Cox, Vernon's daughter, testified that the place where they went dirt biking was very open and C.F. and Cox were never alone there.  She also testified there was never an occasion when C.F. and she were in bed with Vernon. *Id*. at PageID 1399-1403.

To the extent this testimony is inconsistent with some of the testimony the victim gave, Cox was entitled to present it and the jury was entitled to consider it.  But it was the jury's task to decide who was credible and what to believe of what they testified to.  None of this referenced testimony proves conclusively that C.F. was not testifying truthfully.

Cox's Objections do not establish any error in the Report's conclusion on the First Ground for Relief.

**Ground Two:  Confrontation Clause/Right to Present a Defense**

In his Second Ground for Relief, as the Magistrate Judge read it in the Report, Cox presented two sub-claims: (1) his counsel was limited in the questions he could ask about herpes,

4

and (2) he was unable to call Detective Mitchell to testify. Cox objects that he presented six sub-claims, to wit, (1) limitation of the herpes defense, (2) inability to call Detective Mitchell as a witness, (3) admission in evidence of exhibits 1(A) and 1(B), (4) certain ineffective assistance of counsel claims, (5) Petitioner not being present during the transcribing of C.F.'s grand jury testimony, and (6) speedy trial (ECF No. 13, PageID 1792).

**Sub-claim 1: The Herpes Defense**

Cox defended against the claim that he had had sex with C.F. by presenting evidence that (1) he had herpes, (2) two other women with whom Cox had sex had also tested positive for herpes, and (3) C.F. tested negative. In all, four witnesses were called on this question, including two medical doctors. *State v. Cox, supra*, ¶¶ 71-72. The Second District treated this as a constitutional claim of ability to present a complete defense and found there was no evidence in the record that defense counsel had been improperly limited. *Id.* In reviewing that decision, the Report found it was substantiated by the record and the Second District's decision was therefore not objectively unreasonable (Report, ECF No. 11, PageID 1748).

In his Objections Cox adds nothing except a transcript citation to Georgetta Cox's examination by defense counsel in which Mr. Lennen asks her if she has herpes and she answers "yes." (Trial Tr. ECF No. 7-2, PageID 1166.) Cox says this happened after a "lengthy sidebar discussion," and the transcript shows a sidebar of unstated length just before this question (Objections, ECF No. 13, PageID 1792). The record does not show the content of the sidebar discussion or whether it involved Mr. Lennen's attempt to introduce more about the herpes defense. Neither the Second District nor this Court could determine without some showing on

5

content what evidence on this topic the defense might have offered or whether it was unconstitutionally excluded. We also cannot tell whether the sidebar discussion was recorded and not transcribed or not even recorded, as is sometimes the practice.

In any event, if there was evidence on the herpes defense which was excluded, it was the responsibility of counsel to proffer that evidence so that the court of appeals could determine the propriety of excluding it, and that was apparently not done. On the record that was before the Second District, there is no proof Cox was improperly limited in his presentation of this defense.

### Sub-Claim Two: Failure to Have Detective Mitchell Testify

In his second sub-claim under Ground Two, Cox asserts his Confrontation Clause rights were violated when Detective Mitchell did not appear as a witness. Respondent asserted this claim was procedurally defaulted because it was never presented to the Ohio courts. Cox asserted the default was excused by ineffective assistance of trial counsel. The Report noted that ineffective assistance excuses must first be litigated in the state courts (Report, ECF No. 11, PageID 1751, *citing Edwards v. Carpenter*, 529 U.S. 446 (2000)). Under Ohio's criminal *res judicata* doctrine, this ineffectiveness claim was required to be raised on direct appeal, but was not and the Report therefore found it procedurally defaulted. *Id.*

In his Objections, Cox asserts he has shown ineffective assistance of counsel to excuse this default, but he makes the claim in conclusory fashion without record citation (ECF No. 13, PageID 1793). To the extent ineffective assistance of trial counsel in not preserving the record on this sub-claim should have been raised on direct appeal and was not, that supposed ineffective assistance of appellate counsel could have been raised in Cox's 26(B) Application and indeed it

6

was as the second omitted assignment of error (State Court Record, ECF No. 5, PageID 721, et seq.) The Second District denied relief, concluding

> Mr. Cox's argument that the trial court's limitations on the use of evidence of his affliction with genital herpes and lack of the disease in the victim constitutes ineffective assistance of counsel is not well taken. Indeed, a review of the trial transcript shows that the issue of Mr. Cox's herpes was thoroughly addressed at trial. Three separate witnesses testified with knowledge of Mr. Cox's herpes, in addition to the testimony that the victim tested negative for the infection. Since Mr. Cox was able to explore these issues at trial, he fails to show how admission of medical evidence about the infection would have aided his case. Further, Mr. Cox's appellate counsel did raise the issue of the herpes evidence on appeal. In fact, this Court rejected virtually the same issue on Mr. Cox's direct appeal: "we conclude that there is no evidence in the record which establishes that the trial court improperly limited defense counsel's ability to elicit testimony from the witnesses regarding Cox's herpes infection and those he may or may not have passed it along to through sexual conduct." *State v. Cox*, 2d Dist. Montgomery No. 25477, 2013-Ohio-4941, ¶ 73.

*State v. Cox*, Case No. 25477 (2nd Dist. Apr. 14, 2014)(copy at State Court Record, ECF No. 5, Exh. 38, PageID 763).  Cox has forfeited any claim of error in this decision since he failed to appeal to the Ohio Supreme Court.

**Sub-Claims Three through Six**

In his Objections, Cox lists four other sub-claims, detailed above.  None of these sub-claims are mentioned in the Second Ground for Relief as it was pleaded (Petition, ECF No. 1, PageID 7).  Therefore none of them were analyzed in the Report.  Cox gives no record citation to anywhere he supposedly raised these claims in the Petition.  New issues cannot be raised in objections to a Report and Recommendations.

7

**Ground Three:  Cumulative Error**

In his Third Ground for Relief, Cox asserts that cumulative trial court error merits habeas relief.  The Report rejected this claim for the reason that cumulative error is not cognizable in habeas corpus (ECF No. 11, PageID 1760).  The Report also reviewed the included sub-claims which were dealt with by the Second District.

Cox "strongly objects" to the Report's conclusion that cumulative error is non-cognizable.  Each of the Supreme Court cases he cites, however, is distinguished in the Report.  That analysis will not be repeated here.  Most of the appellate cases he cites are from other circuits.  The one Sixth Circuit case he cites is *Cooper v. Sowders,* 837 F.2d 284 (6th Cir. 1988).  *Cooper* did indeed consider errors cumulatively.  But *Cooper* was decided before adoption of the Antiterrorism and Effective Death Penalty Act of 1996 significantly curbed the habeas corpus remedy.   "Post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief."  *Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012), *cert. denied sub nom. Moreland v. Robinson*, 134 S. Ct. 110 (2013) *quoting Hoffner v. Bradshaw*, 622 F.3d 487, 513 (6th Cir. 2010)(*quoting Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005);  *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011), *cert. denied,* ___ U.S. ___, 132 S. Ct. 2751 (2011), *citing Moore,* 425 F.3d at 256, *cert. denied sub nom. Moore v. Simpson,* 549 U.S. 1027 (2006).

Cox's objections on Ground Three are without merit because this Court is bound by Sixth Circuit law.

**Ground Four:  Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Cox asserts he received ineffective assistance of trial counsel in that his trial attorney (1) allowed the testimony of Dr. Miceli, (2) failed to make a more thorough investigation of the herpes virus, (3) did not force the Court to have Detective Mitchell testify, (4) failed to call a work-records witness to show Cox had an alibi, and (5) performed deficiently during plea bargaining.

**Sub-claim One:  Failure to Submit an Expert to Rebut Dr. Miceli**

Cox's first sub-claim is that defense counsel should have hired an expert to rebut Dr. Brenda Miceli's expert testimony for the State (Response, ECF No. 10, PageID 1668).  Cox raised this claim in post-conviction, lost at both the trial and appellate levels, and failed to appeal to the Ohio Supreme Court.  The Report found the claim procedurally defaulted on that basis (Report, ECF No. 11, PageID 1769-70).  Cox insisted that such an appeal was unnecessary, relying on *Harris v. Reed*, 489 U.S. 255 (1989).  The Report explains why *Harris* is not applicable. *Id.*  Cox's Objections merely repeat the citation to *Harris*.

Cox does not object to the Report's conclusions on Sub-claims Two, Three, and Four.

**Sub-Claim Five:  Ineffective Assistance at the Plea Bargaining Phase**

The first time Cox raised this sub-claim was on appeal from denial of his petition for post-conviction relief.  The Second District declined to decide it on the merits because it had not

9

been raised in the trial court. *State v. Cox*, 2015 Ohio App. LEXIS 887, ¶ 15 (2nd Dist. Mar. 13, 2015.)

Cox now claims that this procedural default is excused by the ineffective assistance of his post-conviction counsel, relying on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013).

The Sixth Circuit Court of Appeals has not yet decided whether *Martinez* and *Trevino* apply to the Ohio system of reviewing claims of ineffective assistance of trial counsel. See *Williams v. Mitchell*, 792 F.3d 606 (6th Cir. 2015); *Henness v. Bagley*, 766 F.3d 550 (6th Cir. 2014); *McGuire v. Warden*, 738 F.3d 741 (6th Cir.2013). Assuming those cases do apply in Ohio, Cox has not shown that they should apply in this case. The only factual support he offers for the claim of ineffective assistance of post-conviction counsel is that "[t]he plea deal was for 15 years . . .," a bare statement in the Objections (ECF No. 13, PageID 1798). He makes no reference to any other place where any evidence is presented, referring in a broad sweep that "Petitioner has argued this thoroughly in both his Memorandum as well as his Traverse," but gives no page references.[5] *Id*. at PageID 1797. Attached to the Traverse is an Affidavit dated March 6, 2014, from Edith Jane Cox, Petitioner's spouse, who avers that Kevin Lennen in fact did tell her and her husband that there was an offer of fifteen years but that he advised against taking it (Traverse, ECF No. 10-1, PageID 1726). In his own Affidavit, Cox avers

> Within ten to fifteen minutes of the start of my trial, Mr. Lennen approached my wife Jane Cox and Myself and states that he felt it necessary to inform me that the Prosecutor, Linda Dodd had made an unofficial plea deal of 15 yeas [sic], Mr. Lennen Stated that he informed Mrs Dodd that I most likely would not take the plea because he retains that he is innocent. At that time I told Mr. Lennen that I did not want to plea guilty to something I did not do; Mr Lennen then stated that I need not worry about it as he felt we had a strong case and that we could win this; and also that he had

---

[5] The referenced "Memorandum" is 308 pages long; the Traverse is 120 pages.

> already told the prosecutor "no" on the plea deal He said it was nothing more than a he said/she said case with no evidence to prove anything.
>
> Had I knew that I would be facing this kind of time, Thirty years (30) I would have possibly considered the option of the the plea deal more seriously, However with it being brought to my attention only minutes before the start of the trial and along with the false confidence of my attorney I denied the plea deal. I feel that with the way things came about with the plea deal being offered only minutes before the trial along with the fact that Mr. Lennen did not inform me of what I could be looking at, I once again feel like I was prejudiced by not having the proper information so to make an informed decision. It is no big secret that it is extremely hard to win these types of cases, as no one wants to believe that a teenager would lie about something such as sexual abuse, However in this case there is no evidence, No wittinesses [sic], No nothing in this case other than the allegations of my step Daughter, as dictated by my attorney.
>
> I feel that by Mr. Kevin Lennen not informing me of my choices and giving me false hopes that it prejudiced me and deprived me of the chance to make a better informed decision and that being 30 years verses 15 years ...

(Traverse, ECF No. 10-1, PageID 1729.)  These facts do not support a claim of ineffective assistance of trial counsel against Mr. Lennen over the plea bargain, even if accepted at face value without cross-examination.  Lennen presented the offer, Cox rejected it and lost at trial.  Cox's ineffective assistance of trial counsel argument is the familiar hindsight one.  Therefore it was not ineffective assistance of post-conviction counsel to fail to present this claim and it remains procedurally defaulted, even assuming *Martinez* and *Trevino* apply in Ohio.

**Ground Five:  Grand Jury Testimony of the Victim**

In his Fifth Ground for Relief, Cox asserts the defense should have been allowed to use

11

C.F.'s grand jury testimony to impeach her at trial. The Second District rejected this claim on the grounds that defense counsel had conceded the point. *State v. Cox, supra,* ¶ 67. The Report recommended dismissal for the reason that only a state evidentiary question is involved and defense counsel had conceded the point (Report, ECF No. 11, PageID 1778).

Cox objects that the Magistrate Judge made his recommendation without listening to the grand jury testimony (ECF No. 13, PageID 1799). That is certainly true. Because the grand jury testimony was not before the Second District, this Court is precluded from hearing it. *Cullen v. Pinholster,* 563 U.S. 170 (2011).

Cox asserts that "[p]erjury and fabrication of testimony are clearly Constitutional issues that would deprive a defendant of a fair trial." (Objections, ECF No. 13, PageID 1799.) That is simply not true. If Cox had evidence that the prosecutor deliberately suborned perjured testimony, that would be a different matter. But the Constitution does not guarantee that grand jury secrecy will be invaded to obtain potentially impeaching cross-examination statements, particularly when trial counsel concedes the matter.

**Ground Six: Allowing Dr. Miceli to Testify**

Cox claims in his Sixth Ground for Relief that allowing Dr. Miceli to testify violated his constitutional right to a fair trial. The Report concluded this claim was not fairly presented as a constitutional claim to the state courts and that, in any event, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the leading Supreme Court case on expert testimony, did not impose a constitutional obligation on the States (ECF No. 11, PageID 1778-79). Cox's Objections do not require further analysis.

12

**Ground Seven:  Ineffective Assistance of Appellate Counsel**

In his Seventh Ground for Relief, Cox claims he received ineffective assistance of appellate counsel when his counsel did not do a better job of citing case authority.  The Report recommends this Ground for Relief be dismissed because Cox did not appeal from denial of his Ohio App. R. 26(B) Application to the Ohio Supreme Court.

Cox objects that the Sixth Circuit has held that Ohio R. App. P. 26(B) is not an adequate and independent state ground of decision (Objections, ECF. No. 13, PageID 1800, *citing Franklin v. Anderson*, 434 F. 3d 412 (6th Cir. 2006)).  He then follows with a two-page note on the importance of following *Franklin* because of the doctrine of *stare decisis*. *Id.*  at PageID 1801-02.

Interpreting *Franklin,* the Sixth Circuit has said that does not establish that the timeliness rule of 26(B) will always be inadequate; instead the courts must consider whether the state court rule was  firmly established and regularly followed by the time  it was applied in a particular case. *Fautenberry v. Mitchell*, 515 F.3d 614 (6th Cir. 2008).  Later the Court of Appeals held:

> Although we have, in prior cases, found Rule 26(B) not to be an adequate and independent ground on which to find procedural default, those precedents are not applicable here because Rule 26(B) was firmly established and regularly followed by June 2006. n4 See id. at 862 (applying the "firmly established and regularly followed" requirement "as of the time Rule 26(B) was to be applied"). Thus, we conclude that Hoffner has procedurally defaulted his claims of ineffective assistance of appellate counsel. Nevertheless, even if Hoffner's claims were not defaulted, each fails on the merits. See *Fautenberry*, 515 F.3d at 642 (analyzing the merits of a procedurally defaulted claim in the alternative).

*Hoffner v. Bradshaw*, 622 F.3d 487, 504-505 (6th Cir. 2010).  Thus the Sixth Circuit has now held that 26(B) is firmly established and regularly followed and *stare decisis* requires us to

13

follow *Hoffner*.

**Ground Eight: Determination of Sentence by the Judge Rather Than the Jury**

In his Eighth Ground for Relief, Cox asserts his constitutional rights under the Fourteenth Amendment were violated when the trial judge decided on a maximum sentence instead of allowing that issue to be decided by the jury.

Cox raised this claim for the first time in his Motion for Re-Sentencing to Judge Tucker. Tucker denied the claim and the Second District affirmed. *State v. Cox*, 2015-Ohio-895, 2015 Ohio App. LEXIS 879 (2nd Dist. Mar. 13, 2015). As noted in the Report, Cox did not appeal this decision to the Ohio Supreme Court.

Cox raises the same objection as he made on Ground Seven and it is not persuasive for the same reason.

**Ground Nine:  Standard for Evaluating the Sufficiency of the Evidence**

In his Ninth Ground for Relief, Cox asserted the Second District should have applied the "no evidence" standard of *Thompson v. Louisville*, 362 U.S. 199 (1960), to evaluating the sufficiency of the evidence, instead of the *Jackson v. Virginia*, 443 U.S. 307 (1979), standard.

The Report concluded that the two different Supreme Court cases did not adopt different or conflicting standards (Report, ECF No. 11, PageID 1783).  Cox's Objections on this point (ECF. No. 13, PageID 1802) do not require further analysis.

**Denial of an Evidentiary Hearing**

The Objections spend some time criticizing the Report for recommending dismissal without conducting an evidentiary hearing (ECF No. 13, PageID 1803-05, relying principally on *Townsend v. Sain*, 372 U.S. 293, 313 (1963)).  *Townsend* was decided thirty-three years before adoption of the AEDPA in 1996 and forty-eight years before the decision interpreting the AEDPA in *Cullen v. Pinholster,* 563 U.S. 170 (2011).  Prior to *Pinholster*, this Court was accustomed to holding evidentiary hearings in habeas corpus cases, particularly capital cases, but that practice is now forbidden.

**Certificate of Appealability**

The Report concluded that reasonable jurists would not disagree with its results and Cox should therefore be denied a certificate of appealability (ECF No. 11, PageID 1783-84).  Cox objects to this conclusion, but he does not point to any particular other "reasonable jurist" who disagrees with the conclusions reached.  The closest he comes is his citation again of *Washington v. Hofbauer,* 228 F.3d 689 (6th Cir. 2000), where he says a defendant was found not guilty on the basis of a doctor's report that there was no penetration.  As noted above, it was a jury that returned the acquittal in that case, based on all the evidence, including the doctor's report of what the victim told the doctor.  That is a jury conclusion on the facts, not a judge's opinion that in any case where there is some report which casts doubt on the element of penetration the defendant must be acquitted.

Based on Cox's lack of a showing that any other judge would disagree with the

15

conclusions in the Report, the Magistrate Judge again recommends Cox be denied a certificate of appealability and that the Court certify that an appeal would not be taken in good faith and should not be permitted to proceed *in forma pauperis.*

November 20, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).